# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #038

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinion handed down on the **20th day of August, 2024** is as follows:

**PER CURIAM:**

2024-C-01005

ELISA KNOWLES COLLINS VS. LESLIE RICARD CHAMBERS, HON. MARCUS L. HUNTER, AND NANCY LANDRY IN HER CAPACITY AS THE SECRETARY OF STATE FOR THE STATE OF LOUISIANA (Parish of East Baton Rouge)

JUDGMENTS OF THE LOWER COURTS REVERSED. SEE PER CURIAM.

Weimer, C.J., additionally concurs and assigns reasons.

Hughes, J., dissents and assigns reasons.

Crain, J., concurs and assigns reasons.

Griffin, J., dissents.

**SUPREME COURT OF LOUISIANA**

**No. 2024-C-01005**

**ELISA KNOWLES COLLINS**

**VS.**

**LESLIE RICARD CHAMBERS, HON. MARCUS L. HUNTER, AND NANCY LANDRY IN HER CAPACITY AS THE SECRETARY OF STATE FOR THE STATE OF LOUISIANA**

On Writ of Certiorari to the Court of Appeal, Fourth Circuit,
Parish of East Baton Rouge

PER CURIAM

We granted certiorari in this election matter to determine whether the lower courts erred in overruling a challenge to a candidate's qualifications. For the reasons that follow, we reverse the judgments of the lower courts.

**FACTS AND PROCEDURAL HISTORY**

On July 17, 2024, Judge Marcus L. Hunter ("Judge Hunter")[1] filed a sworn notice of candidacy with the Louisiana Secretary of State seeking election to the office of Associate Justice of the Louisiana Supreme Court for District Two. Pursuant to the provisions of La. R.S. 18:463, Judge Hunter certified that he met several requirements, including the following:

> If I am a candidate for any office other than United States Senator or representative in congress, that for each of the previous five tax years, I have filed my federal and state income tax returns, have filed for an extension of time for filing either my federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.

On July 26, 2024, plaintiff, Elisa Knowles Collins, a qualified elector and resident of District Two, filed a petition in the 19th Judicial District Court for the

---

[1] Judge Hunter currently serves on the Louisiana Court of Appeal, Second Circuit.

Parish of East Baton Rouge objecting to Judge Hunter's candidacy.[2] Citing La. R.S. 18:492(A), plaintiff alleged that Judge Hunter was not qualified because he "falsely certified on his notice of candidacy that for each of the previous five tax years he has filed his federal and state income tax returns." The matter proceeded to trial.

At trial, plaintiff produced an affidavit from Cynthia Pugh, Assistant Director in the External Reporting Division of the Louisiana Department of Revenue and Taxation. The affidavit indicated filings on Judge Hunter's Louisiana Individual Income Taxes were confirmed for the years 2018, 2019 and 2020, but indicated no filings were confirmed on his account for the years 2021, 2022 and 2023.[3]

Judge Hunter called his accountant and tax preparer, Rosie Harper, as his sole witness. Ms. Harper testified that on July 12, 2024, she communicated with Judge Hunter in a series of text messages to discuss information she needed to file his 2022 and 2023 tax returns. Ms. Harper testified that after receiving the requested information, she electronically filed Judge Hunter's 2022 and 2023 state and federal income tax returns using Drake Software on July 16, 2024. As of July 17, 2024, the status of the 2022 and 2023 tax returns were listed as "pending." On July 27, 2024, Ms. Harper discovered the IRS rejected Judge Hunter's 2022 tax return.[4] As a result, the 2022 state tax return was rejected based on the IRS's rejection.

In addition to Ms. Harper's testimony, Judge Hunter also introduced documentary evidence including images of the text conversation between himself and Ms. Harper, a letter from Ms. Harper dated July 16, 2024 stating he was in compliance with the filing of his federal and state tax returns from 2019 through

---

[2] Plaintiff also filed a challenge to another candidate for District Two. This portion of her challenge is not before this court in the instant filing.

[3] As to the 2023 tax year, the affidavit stated, "La. R.S. 47:103(D)(2) provides for an automatic filing extension through November 15, 2024."

[4] Ms. Harper elaborated on cross-examination that because the status was still listed as "pending" on July 27, 2024, she "asked" Drake Software to "rehang" the information. Thereafter, the status reflected the tax return had been rejected.

2023, various Drake Software printouts including one indicating Judge Hunter's 2022 federal and state tax filings had been rejected, images indicating various tax documents/returns had been uploaded to DropBox, and a letter dated July 27, 2024 from Ms. Harper again stating Judge Hunter was in compliance with filings for the relevant five-year period and providing a DropBox link to various files. Notably, Judge Hunter did not testify at trial, nor did he introduce copies of any of his tax returns.

At the conclusion of trial, the district court overruled plaintiff's challenge to Judge Hunter's candidacy. In oral reasons for judgment, the district court explained that it found plaintiff had carried her burden of proof and established a prima facie case. Nonetheless, the court indicated that Judge Hunter was "able to meet that or exceed that prima facie case. . . ."

Plaintiff appealed. The court of appeal, sitting en banc, affirmed the judgment of the district court overruling the challenge to Judge Hunter's candidacy. *Collins v. Chambers*, 2024-0484 (La. App. 4 Cir. 8/8/24), ___ So. 3d ___.[5] Two judges dissented and would have reversed, finding that Judge Hunter did not satisfy his burden to overcome plaintiff's prima facie case.

Upon plaintiff's application, we granted certiorari to review the correctness of the judgments below.

## DISCUSSION

We begin from the well-settled and indisputable proposition that there is nothing more fundamental to our society than the ability of our electorate to choose its leaders. *Becker v. Dean*, 2003-2493 (La. 9/18/03), 854 So. 2d 864, 869. Because election laws must be interpreted to give the electorate the widest possible choice of candidates, a person objecting to candidacy bears the burden of proving that the

---

[5] As discussed in footnote 2, *supra*, plaintiff also challenged the qualifications of another candidate. The court of appeal reversed the judgment of the district court overruling this challenge. This portion of the court of appeal's judgment is not before us.

3

candidate is disqualified. *Landiak v. Richmond*, 2005-0758 (La. 3/24/05), 899 So. 2d 535, 541. The party on which the burden of proof rests must establish a prima facie case. If that party fails to carry his burden of proof, the opposing party is not required to present any countervailing evidence. On the other hand, once the party bearing the burden of proof has established a prima facie case, the burden then shifts to the opposing party to present sufficient evidence to overcome the other party's prima facie case. *Id.* at 542.

The exclusive grounds for disqualification of a candidate are set forth in La. R.S. 18:492. *Deal v. Perkins*, 2022-01212 (La. 8/1/22), 347 So. 3d 121, 131. In the case at bar, plaintiff's challenge is based on La. R.S. 18:492(A)(7), which provides:

> A. An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:
>
> * * *
>
> (7) The defendant falsely certified on his notice of candidacy that for each of the previous five tax years he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both as provided in R.S. 18:463(A)(2), or was not required to file either a federal or state income tax return or both.

In support of her challenge, plaintiff produced a sworn affidavit from an employee of the Louisiana Department of Revenue and Taxation indicating it had no confirmed tax filings for Judge Hunter for the years 2021, 2022 and 2023. The district court found, and we agree, that this evidence established a prima facie case under La. R.S. 18:492(A)(7). The burden therefore shifted to Judge Hunter to establish that he did not falsely certify that he filed his taxes for the preceding five years.

In assessing the level of proof necessary to meet this burden, we find it helpful to first review our decision in *Clark v. Bridges*, 2023-00237 (La. 2/22/23), 356 So. 3d 990. In *Clark*, the lower courts disqualified a candidate under La. R.S.

4

18:492(A)(7) based on a finding that she could not establish that her electronically-filed tax returns had been delivered to the taxing authorities at the time she signed her notice of candidacy.

In addressing this issue, we considered La. Admin. Code Title 61, pt. I, § 4911(B)(4), the administrative provision governing electronic filing of tax returns, which provides, "[a] return, report or other document filed electronically is deemed filed on the date transmitted to the department or to a third party acting as the department's agent." Based on this provision, we explained that transmission by the taxpayer is the operative event in determining the electronic filing date:

> The regulation provides that a return filed electronically is deemed filed on the date of transmission to the LDR or on the date of transmission to a third party acting as its agent. The standard set forth in the regulation is not determined by the date on which the LDR receives the tax return electronically, but, rather, the date on which the filing party has transmitted the tax return either to the LDR or to the third party acting as the LDR's agent. **Transmission by the taxpayer is the operative event for electronic filing.** Id. at 994 [emphasis added].

The evidence in the record of this case does not establish the nature of the documents which were purportedly transmitted to the taxing authorities. Unlike the candidate in *Clark*, Judge Hunter did not testify he signed the tax returns or witnessed their transmission. No copies of the actual returns were introduced into evidence. Although Ms. Harper provided screen shots from her own website referencing various file names, she never identified which, if any, of these documents were actually Judge Hunter's completed returns. Without corroborating evidence of what was actually filed, merely showing that some documents may have been transmitted to the taxing authorities does not establish that tax returns for the relevant period were in fact transmitted.[6]

---

[6] Notably, the evidence in this case differs sharply from the evidence in *Clark*, where the candidate established that her tax preparer received a clear acknowledgment that the candidate's federal and state tax returns had been electronically transmitted. By contrast, Ms. Harper's testimony indicates (continued…)

Considering the record before us, we are compelled to find that Judge Hunter has not rebutted plaintiff's prima facie case. Accordingly, the judgment of the court of appeal is reversed, and the challenge is sustained.[7]

**DECREE**

For the reasons assigned, judgment is rendered in favor of plaintiff, declaring Marcus L. Hunter ineligible as a candidate for the office of Associate Justice of the Louisiana Supreme Court for District Two, and he is accordingly disqualified. It is hereby directed that the Secretary of State of the State of Louisiana be served with a certified copy of the final judgment in this case pursuant to La. R.S. 18:1410. The Secretary of State shall remove the candidate's name from the ballot if the ballot has not been printed. If the ballot has been printed with the disqualified candidate's name, any votes received by the disqualified candidate shall be void and shall not be counted for any purpose whatsoever.

---

Judge Hunter's returns were still in "pending" status as late as July 19, 2024 (two days after qualification). This testimony leaves open the question of whether those returns had been properly transmitted to the taxing authorities at the time of qualification.

[7] No application for rehearing of a decision of this court in a case involving an objection to candidacy shall be entertained. La. Sup.Ct. Rule X, § 5(c). *See also* La. R.S. 18:1409(I).

6

4 Cir. 8/8/24), __ So.3d __ (Jenkins, J., concurring in part and dissenting in part, in which Lobrano, J., joined).

3

# SUPREME COURT OF LOUISIANA

## No. 2024-C-01005

### ELISA KNOWLES COLLINS

### VERSUS

### LESLIE RICARD CHAMBERS, HON. MARCUS L. HUNTER, AND NANCY LANDRY IN HER CAPACITY AS THE SECRETARY OF STATE FOR THE STATE OF LOUISIANA

*On Writ of Certiorari to the Court of Appeal, Fourth Circuit,
Parish of East Baton Rouge*

**WEIMER, C.J.**, additionally concurs and assigns reasons.

I additionally concur in the opinion; however, I would have ordered that the case be orally argued prior to the rendering of this decision. While this matter was extensively researched and carefully evaluated, and all the filings are available for public viewing, allowing the public to witness oral arguments demonstrates to the citizens that the full deliberative process occurred and provides a salubrious-like effect and the reassurance of transparency while affording the parties an opportunity to be heard.[1]

Although I acknowledge the need for expediency in resolution and can attest to the hard work and careful deliberation that occurred in reaching the decision in this matter, the public should have the opportunity to see and hear the case argued. Accordingly, I believe this court should have exercised discretion to have this matter of public interest assigned for oral argument before reversing the lower court's judgment and disqualifying the candidate for office of Associate Justice of the Louisiana Supreme Court for District Two.

---

[1] The Louisiana Supreme Court was among the first nationally to broadcast its oral arguments live over the internet. See the Louisiana Supreme Court website for details.

Voting for the candidate of one's choice is the foundation of our system of representative government. That our nation and our state was founded on the ability of citizens to choose their leaders by casting a ballot is an immutable proposition.[2]

While I would much prefer seeing multiple candidates participate in the electoral process to facilitate the voters having a choice in deciding who should serve them, I cannot ignore the clear facts or the applicable law which is equally clear. The legislature enacted statutory laws to limit the participation in the electoral process of those who do not file federal and state income tax returns. See La. R.S. 18:463(A)(2)(a)(iv). Clearly, the candidate in question did not file his income tax returns when initially due. There is no documentary evidence these returns were filed annually when due or that an extension of time was sought for at least one of the years for which the returns were filed late. The record is also devoid of proof the candidate was not required to file income tax returns. The lack of testimony by the candidate coupled with evidence offered by the candidate himself demonstrate at least one filing was late. Further, the evidence was also insufficient to satisfy his burden of proof once a *prima facia* case was made by the challenger to his candidacy. Indeed, from the limited evidence submitted by the candidate, this court simply cannot determine what was filed in the last-minute effort to file something.[3] Consequently, the district court manifestly erred in finding that the evidence presented by the candidate was sufficient "to establish that he did not falsely certify that he filed his taxes for the preceding five years." Therefore, I am compelled to rule in favor of disqualification. See also **Collins v. Chambers**, 24-0484 (La.App.

---

[2] When an effort to deprive the citizens of District Six of the Supreme Court of the right to go to the polls to vote, three courageous intervenors were joined to right that wrong. See **Louisiana State Conf. of Nat'l Ass'n for Advancement of Colored People v. Louisiana**, No. CV 19-479-JWD-SDJ, 2022 WL 2663850 (M.D. La. July 11, 2022).

[3] Notably, absent from the record are copies of the documents that were electronically transmitted by the candidate's tax preparer to the Louisiana Department of Revenue the day before he executed the sworn notice of candidacy with the Louisiana Secretary of State.

4 Cir. 8/8/24), __ So.3d __ (Jenkins, J., concurring in part and dissenting in part, in which Lobrano, J., joined).

# SUPREME COURT OF LOUISIANA

## NO. 2024-C-01005

## ELISA KNOWLES COLLINS

### VERSUS

## LESLIE RICARD CHAMBERS, HON. MARCUS L. HUNTER, AND NANCY LANDRY IN HER CAPACITY AS THE SECRETARY OF STATE FOR THE STATE OF LOUISIANA

*On Writ of Certiorari to the Court of Appeal, Fourth Circuit, Parish of East Baton Rouge*

**HUGHES, J., dissents.**

It is a universal tenet that candidacies for elected office are favored, except in some countries like Russia and Iran where the field of candidates is restricted to assure a certain outcome (China doesn't even pretend).

The issue before the court is whether the two challenged candidates "falsely certified" concerning their taxes. The relevant inquiry is the state of mind of the candidates when the certification is made. The issue is not, in hindsight, whether taxes have been filed, mailed, transmitted, received, and/or rejected. There is an obvious difference between a candidate who has done nothing, and knows it, and one who in good faith believes his taxes have been filed when he or she so certifies. In this case during a six-hour trial, the two challenged candidates provided sworn testimony and objective evidence accepted by the trial court, which ruled in their favor. Judge Hunter was told by his CPA that his taxes had been filed. Ms. Chambers was told by TurboTax that she had a refund coming. It is the task of the trial court to weigh the evidence and assess the credibility of the witnesses. Without showing any error on the part of the trial court, this court merely substitutes its own judgment for that of the trial court, in contravention of established law.

# SUPREME COURT OF LOUISIANA

## No. 2024-C-01005

## ELISA KNOWLES COLLINS

## VS.

## LESLIE RICARD CHAMBERS, HON. MARCUS L. HUNTER, AND NANCY LANDRY IN HER CAPACITY AS THE SECRETARY OF STATE FOR THE STATE OF LOUISIANA

On Writ of Certiorari to the Court of Appeal, Fourth Circuit, Parish of East Baton Rouge

**CRAIN, J., concurs and assigns reasons.**

The applicable statutes require that a candidate for office certify that he "filed" state and federal tax returns. La. R.S. 18:463 and 18:492(A)(7). Thus, we must interpret "filed"—not "transmitted," which is the agency definition of the term. The judiciary is not required to give deference to the agency's definition in La. Admin. Code Title 61, pt. I § 4911(B)(4). *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2247 (2024). *See also TWISM Enterprises, L.L.C. v. State Bd. of Registration for Pro. Engineers & Surveyors*, 2022-Ohio-4677, 172 Ohio St. 3d 225, 223 N.E.3d 371; *Clark v. Bridges*, 2023-00237 (La. 2/22/23), 356 So. 3d 990 (Crain, J. dissenting). The majority ignores this separation of powers issue and accepts, then interprets, the agency definition of "filed." Performing my constitutional duty, I interpret "filed" to require transmission of a properly executed tax return plus some indicia of delivery. That was not proven here. Anything less undermines the purpose of the statute, carries a potential for abuse, and offers no meaningful expectation of confidence that tax returns have actually been filed. Respectfully, I concur.